SUMMARY ORDER
Appellant Michael Ikelionwu appeals from his resentencing on March 3, 1994 by the Eastern District of New York (Nicker-son, J.). We assume the parties’ familiarity with the underlying facts, procedural history, and specification of issues for review.
Following a jury trial in 1992, Ikelionwu was convicted on seven counts of a criminal indictment, including Count 1, continuing criminal enterprise, 21 U.S.C. § 848(a) and Count 2, conspiring to import, possess, and distribute heroin, 21 U.S.C. §§ 841, 846. On September 18, 1992, Ikelionwu was sentenced to 360 months on each of these two counts, with the sentences to run concurrently. Ikelionwu appealed, and in April 1993 this Court affirmed the judgment; (2) affirmed most of the sentence; but (3) remanded for resentencing on Count 2, which was a lesser included offense of Count 1, such that only one sentence should have been imposed, not two. The district court vacated the sentence on Count 1, but left intact the sentence of 360 months imprisonment. At the direction of the district court, the clerk filed a notice of appeal on behalf of Ikelionwu.
In November 1994, Ikelionwu’s appeal was dismissed for failure to file a brief. Ikelionwu contends he missed the briefing deadline because the briefing schedule was sent to the wrong address, so he never received it. Ikelionwu filed numerous motions seeking to reinstate his appeal, and on January 16, 2008, this Court granted the motion, recalled the mandate and reinstated the appeal. On May 19, 2008, this Court ordered counsel be appointed.
On his counseled appeal, Ikelionwu argues that his due process rights were violated by the 15-year delay in his appeal from the judgment and sentence issued on September 3, 1993, and that his rights to contest his sentence have been prejudiced by this undue delay. He also seeks an order of this court stating he still has the ability to file a motion pursuant to 28 U.S.C. § 2255. Pro se, Ikelionwu argues his conviction should be overturned because (1) his indictment did not reference drug quantity in violation of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); and (2) the district court did not require the jury to determine drug quantity, also in violation of Apprendi.
Ikelionwu’s counseled arguments are barred by the mandate rule, which prevents an appellant from relitigating issues that were waived, or that were decided by the appellate court on the first appeal, on an appeal from resentencing. United States v. Quintieri, 306 F.3d 1217, 1225 (2d Cir.2002). “The law of the case ordinarily *485 prohibits a party, upon resentencing or an appeal from that resentencing, from raising issues that he or she waived by not litigating them at the time of the initial sentencing.” Quintieri, 806 F.3d at 1229. Here, on Ikelionwu’s first appeal, he challenged his conviction on multiple grounds, all of which were rejected by this court. The only grounds found to have any merit was the sentence on Count 2, which the government conceded needed to be vacated because the conspiracy charge was a lesser included offense of the continuing criminal enterprise charge, for which appellant was also convicted and for which he was also sentenced. The case was remanded “for the two counts to be combined and a single sentence imposed. Otherwise, we affirm.”
Our holding in Burrell v. United States, 467 F.3d 160 (2d Cir.2006), forecloses Ikel-ionwu’s argument that his judgment below is not yet final. In Burrell, this Court held that a remand to dismiss a conspiracy count that was a lesser included offense of continuing criminal enterprise was an unappealable ministerial act, making the conviction “final for purposes of direct review upon the denial of a petition for writ of certiorari or the expiration of time for filing such a petition.” Id. at 168. Here, the remand was narrow, “for the two counts to be combined and a single sentence imposed.” The district court originally imposed a sentence of 360 months each for the continuing criminal enterprise and the conspiracy counts, with the sentences to run concurrently; and imposed a term of supervised release of five years on each of the two counts to run consecutively. At resentencing, the district court let stand the term of 360 months, and adjusted the term of supervised release to five years, eliminating the terms that were to accompany the conspiracy count.
As the remand was ministerial, it could not have disturbed Ikelionwu’s conviction, meaning his conviction became final for the purposes of retroactive application, on remand from direct appeal, of new constitutional rules either when the Supreme Court denied his petition for a writ of certiorari or when his time for filing a certiorari petition expired. Moreover, Ik-elionwu’s arguments implicating Apprendi fail because Apprendi does not apply retroactively. Coleman v. United States, 329 F.3d 77, 90 (2d Cir.2003).
Finally, because Ikelionwu has not filed a petition pursuant to Section 2255, this Court cannot offer an advisory opinion as to the viability of such a filing.
We have examined the remainder of Ik-elionwu’s claims and find them without merit.
Accordingly, the judgment of the district court is hereby AFFIRMED.